IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

DEWAREN BOYD,

    Plaintiff,

v.                                  CASE NO.: CV-04-J-35-J

DEPUTY SHERIFF ANTHONY
HAMMOND,

    Defendant.

## MEMORANDUM OPINION

Pending before the court is the defendant's motion to dismiss or in the alternative motion for more definite statement (doc. 6) which the court converted into a motion for summary judgment pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure and allowed the parties additional time to submit additional evidence and/or pleadings in support of or in opposition to said motion. The plaintiff filed a submission in response to the court's February 25, 2004 Order (doc. 17) and the defendant filed evidentiary materials and a brief (docs. 18 and 19). The court has considered all of the pleadings, evidence and other submissions. For purposes of this motion, the court considers the facts in the light most favorable to the plaintiff.

## FACTUAL BACKGROUND

The plaintiff filed suit under 42 U.S.C. §1983 asserting violations of his Fourth and Fourteenth Amendment rights. He also alleged state law claims for assault and



battery. The parties agree that at all times relevant the defendant was employed by Walker County as a Deputy Sheriff.

On or about January 10, 2002, the plaintiff was at home when his estranged wife, Juanita Pinkins, came to the plaintiff's residence with defendant Hammond to return some of the plaintiff's belongings. Complaint, ¶ 6. When the plaintiff realized defendant Hammond was in the vehicle, he called the Walker County Sheriff's Office dispatcher.

The plaintiff asserts that, while present on the plaintiff's property, the defendant threw him to the ground and hit him several times, resulting in the plaintiff's right wrist being broken.[1] Affidavit of plaintiff, dated February 5, 2004. The defendant then pulled out a pistol, aimed it at the plaintiff's head, and stated "I am an officer of the law. I'll kill you, just stay where you're at." *Id.* The plaintiff states he was unarmed at the time of this incident. *Id.*

The above facts are the sum of plaintiff's factual submissions to this court. The defendant submitted further uncontroverted evidence which demonstrate as follows: Ms. Pinkins told the plaintiff she was coming to his home to return some of his things. Plaintiff depo. at 89, submitted as defendant exhibit 1. Defendant volunteered to go with her. Hammond depo. at 25, submitted as defendant exhibit 4. The plaintiff could

---

[1] The plaintiff alleges in his complaint his right hand was broken. Complaint, ¶ 6.

2

see the defendant inside Ms. Pinkins' vehicle.[2] Plaintiff depo. at 103. The plaintiff knew the defendant on sight.[3] *Id.* at 103-104. The defendant was dressed in plain clothes. Defendant exhibit 5, at 2. The plaintiff called the Walker County Sheriff's department and reported that the defendant was on his property. Plaintiff depo. at 106. He told the dispatcher that the defendant was off duty. Defendant exhibit 7. at 2. The dispatcher asked to speak with the defendant, but the defendant refused. *Id.* at 106-107, 111-112. The defendant stated to the plaintiff "I am not here in an official capacity, I'm here as a friend. I have advised [Juanita Pinkins] not to put her feet out of this car and I just want things to be calm." Declaration of Juanita Pinkins, ¶ 12. *See also* declaration of Shannon Hammond, ¶ 10; Hammond depo. at 27-28, 30.

The plaintiff was told by the dispatcher that the sheriff's department would send a car, and he walked past Ms. Pinkins' vehicle to the road and called his pastor. Plaintiff depo. at 112-113. The defendant then exited the vehicle, snatched the phone from the plaintiff, pushed the plaintiff until he fell, and began hitting the plaintiff on

---

[2] Defendant's wife and two year old son were also in the vehicle. Plaintiff depo. at 138-139; declaration of Juanita Pinkins, ¶ 10. Defendant's family had gone to Ms. Pinkins' house earlier in the day to check on her. Declaration of Juanita Pinkins, ¶ 8; declaration of Shannon Hammond, ¶ 5.

[3] The defendant was in the plaintiff's wedding to Juanita Pinkins. Defendant exhibit 5, at 2; plaintiff depo. at 43.

his head.[4] *Id.* at 115-116, 121, 131. When plaintiff fell, he broke his wrist. Defendant exhibit 5, at 3. While the plaintiff was still on the ground, the defendant reached behind his back, pulled out a gun and said "I'm an officer of the law. I'll shoot you and I'll kill you." Plaintiff depo. at 136. At that point, the defendant got back in the vehicle and all of its occupants left. *Id.* at 139. The plaintiff then called 911 for an ambulance and called the sheriff's office again. *Id.* at 140. According to others present, the entire incident involving the defendant hitting, screaming and pulling a gun on the plaintiff never occurred. Juanita Pinkins declaration, ¶¶ 19-24; Shannon Hammond declaration, ¶¶ 15-20. The defendant testified he did not have a gun or any other weapon with him. Hammond depo. at 30, 43-44. He further testified that the plaintiff was never on the ground, pushed or otherwise, and that the two of them never came in physical contact with each other. *Id.* at 44.

The defendant asserts that he is entitled to summary judgment on each of the plaintiff's claims against him, in both his official and individual capacities.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[4]According to the defendant, the plaintiff went to shut the gates to his property and defendant got out of the vehicle to reopen the gates. Hammond depo. at 28-29.

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R. Civ.Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*,

475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. SH. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249.

## LEGAL ANALYSIS

*Section 1983 Claim- Official Capacity*

Sheriffs and their deputies are state officials under Alabama law. *Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir.1995). As such, a deputy sheriff, may not be sued in his official capacity unless the state waived or Congress abrogated its Eleventh Amendment immunity. *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1429

(11th Cir.1997). Neither of these prerequisites to suit has occurred. *Carr v. City of Florence, Alabama*, 916 F.2d 1521, 1525 (11th Cir.1990).

State officials are not "persons" subject to suit under § 1983 when acting in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Because the suit against the defendant in his official capacity is a suit against the state, and the state has Eleventh Amendment immunity against such suits, the plaintiff may not proceed on his § 1983 claim against the defendant in his official capacity. *See Lancaster*, 116 F.3d at 1429.

*Section 1983 Claim- Individual Capacity*

42 U.S.C. § 1983 prohibits a person, acting under color of state law, from depriving another person of his or her rights secured by the United States Constitution. *See* 42 U.S.C. § 1983. Section 1983 creates no substantive rights on its own, but merely provides a remedy for deprivation of federal constitutional rights. *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir.1996). To prevail on a suit under § 1983, the plaintiff must show both a deprivation of federal rights and that said deprivation was by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992).

In the facts before this court, the plaintiff asserts that the defendant, under color of state law, violated his Constitutional right to be free from excessive force.

Complaint, ¶ 7. To demonstrate that the defendant was acting under color of state law, the plaintiff must show that the defendant was acting with "authority possessed by virtue of his employment with the state." *Almand v. Dekalb County*, 103 F.3d 1510, 1513 (11th Cir.1997), *cert denied*, 522 U.S. 966, 118 S.Ct. 411, 139 L.Ed.2d 314 (1997). Not all acts by state employees are acts under color of state law. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir.1995). Whether or not the defendant was so acting is a fact-specific analysis. *Ott v. City of Mobile*, 169 F.Supp.2d 1301, 1307 (S.D.Ala.2001)(citing *Parrilla-Burgos v. Hernandez-Rivera*, 108 F.3d 445, 449 (1st Cir.1997). If the defendant was not acting under color of state law, no § 1983 liability can attach. The dispositive issue is "whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Almand*, 103 F.3d at 1513 (citations omitted).

The material facts relevant to this inquiry are not in dispute. The defendant was not performing any function as a deputy sheriff at the time in question. The plaintiff knew the defendant was off duty. Defendant exhibit 7, at 2. The plaintiff knew the defendant was not in uniform, not acting as a sheriff, and did not have a badge. Defendant exhibit 5, at 5. *See also* declaration of Juanita Pinkins, at 8; defendant exhibit 5, at 2. The defendant told the plaintiff he was not there as a sheriff, but was acting as a friend. Defendant exhibit 5, at 5. In fact, the plaintiff called the sheriff's

8

office back after the defendant departed to report the defendant's actions. Defendant exhibit 7.

The plaintiff has presented no evidence that the defendant in fact was acting under color of state law. Rather, the undisputed evidence shows that the defendant was a friend of the plaintiff's estranged wife and was present solely in that capacity. In the facts before this court, an individual the plaintiff knew to be a deputy sheriff and a friend of his wife showed up in the plaintiff's yard with the plaintiff's wife and his own family. While present, the defendant told the plaintiff that he was there as a friend, and not as an officer. Thus, at the time the defendant stated "I am an officer of the law," the plaintiff already knew that the defendant was not in uniform, not there in his capacity as a deputy and came in the plaintiff's wife's vehicle with his entire family and as a friend. He also already knew the defendant was an officer. In other words, the defendant's statement that he was an officer could not have changed the plaintiff's perception of whether the defendant was acting under color of state law. His actions were not made possible solely "because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). Thus, the court finds the issue of whether or not the defendant identified himself as an officer to be immaterial to the analysis before this court.

Under the specific facts of this case, the plaintiff could not have been reasonably under the impression that the defendant was acting under color of state law. *See Ott*, 169 F.Supp. 2d at 1307-09 (discussing generally factors to consider when determining whether an off-duty officer was acting under color of state law). Because the plaintiff cannot make out an essential element of this claim, the defendant is entitled to summary judgment. *See Almand*, 103 F.3d at 1513 (11th Cir.1997).

*State Law claims*

While this court has supplemental jurisdiction over plaintiff's state law claims for assault and battery pursuant to 28 U.S.C. § 1367(a), the court declines to exercise supplemental jurisdiction.[5] *See* 28 U.S.C. § 1367(c)(3). Because resolution of the remaining counts of the plaintiff's complaint depend on determinations of state law, those claims are best resolved by the Alabama courts. *See Baggett v. First National Bank of Gainesville,* 117 F.3d 1342, 1352-1353 (11th Cir.1997). The court notes that the plaintiff's state law claims will not be barred by the statutes of limitations in light of the tolling provisions of 28 U.S.C. § 1367(d).

---

[5]The court notes that the doctrine of sovereign immunity bars any state law tort claim against the defendant in his official capacity.

## CONCLUSION

The court having considered the foregoing, and finding that the plaintiff has failed to establish any genuine issue of material fact sufficient to allow this case to proceed to trial, the court **ORDERS** that the defendant's motion for summary judgment is hereby **GRANTED**. The plaintiff's claim under § 1983 is **DISMISSED WITH PREJUDICE**. The plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** for refiling in a more appropriate forum. Each party is to bear its own costs.

**DONE** and **ORDERED** this the 30 day of March, 2004.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE